252 So.2d 221 (1971)
Robert E. JOHNSON
v.
STATE of Mississippi.
No. 46405.
Supreme Court of Mississippi.
June 14, 1971.
Rehearing Denied September 14, 1971.
Robert G. Gilder, Southaven, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
*222 BRADY, Justice:
This is an appeal from the Circuit Court of DeSoto County, Mississippi, wherein the appellant, Robert E. Johnson, was convicted of the crime of knowingly receiving and having in his possession stolen property and was sentenced to serve a term of five years in the Mississippi State Penitentiary. From that judgment this appeal is taken.
On June 10, 1969, a display couch was stolen from a model home owned by Martin and Herron, Inc. in Southaven, Mississippi. The record discloses that this couch had a value of approximately $400 and was a custom-made couch, in that it had certain spring construction and special fabric covering chosen for the couch, together with a specially ordered ruffled skirt around the bottom. This identical material was placed also upon a chair which was not stolen. This particular couch material was white in color having small blue flowers imprinted upon the white background. The exhibit discloses the fabric to be an imported brocade with gold leaves and small blue flowers.
Constable Burma Hobbs, Jr., of De Soto County, Mississippi, testified that on June 19, 1969, between one and two o'clock in the morning, while he was patrolling on State Line Road, he observed a pickup truck going north on Highway 51. He stated that he noticed that the pickup was wobbling and weaving, so when the pickup passed him he "fell in behind" it with his car. Constable Hobbs further testified that he observed two couches being hauled in the rear of the pickup and that he recognized the pattern of one of the couches as being similar to that of the chair and of the reported stolen couch. He advised that he remembered this pattern because he had seen the matching chair in the model home and that in his opinion the couch was covered with the same pattern. Constable Hobbs then stopped the truck and arrested the driver, Mr. Gene Bramlett, for driving while under the influence of intoxicating liquor and for investigation. Constable Hobbs stated that there were two other men in the pickup, one Calvin Bramlett, the brother of the driver, and the appellant, both of whom the officer placed under arrest for public drunkenness and, in addition, the appellant was placed under arrest for having a concealed weapon and for investigation. Constable Hobbs positively testified that the men told him they were carrying the couch from the appellant's home to Mr. Bramlett's upholstery shop in North Memphis; that the appellant admitted to him that he owned the couch *223 and that he had bought it in Water Valley, Mississippi, "off of a truck sitting on the street down there."
Mrs. Mary Martin and Mr. Ray Young, Co-Owner and Vice President, respectively, of Martin and Herron, Inc., positively identified the couch found in the appellant's possession as the couch which they had bought and placed in their model home. Mr. E.O. Baker, who sold the couch to Mrs. Martin, identified it as the one he had sold to her. Furthermore, he testified that the chance of having that couch identically duplicated was one in a million.
The appellant substantially testified to the same facts concerning the arrest but maintained that he had purchased the couch off of an unmarked moving van type truck parked on a local road about ten miles from Water Valley, Mississippi. He also testified that he purchased several other pieces of furniture and two pictures. At the trial a handwritten receipt to the appellant was produced. This receipt, which was written on a piece of note pad paper, discloses that the appellant had purchased one blue and white couch, one orange couch and chair, one Spanish couch and two Spanish end tables, one "Comod" table (sic), two green chairs, and two Spanish lamps, for the sum of $200. This receipt was signed by James D. Smith. Appellants advised that the van truck salesman had two unmarked trailers parked by the truck which he let the appellant use to haul the furniture to his home. Mrs. Donna Johnson, wife of the appellant, affirmed her husband's testimony and further testified that there were a couple of pictures also included in this purchase. At the time appellant was arrested he did not tell Officer Hobbs that he had a receipt for the furniture or offer to show it to him.
The issues were submitted to a jury which returned a verdict of guilty and the appellant was sentenced to a term of five years in the Mississippi State Penitentiary. From that sentence and judgment this appeal is taken.
The appellant assigns as error that:
I
The verdict of the jury was arrived at without careful or proper consideration of the law and evidence and without due deliberation.
II
The judgment of the lower court, embodying the verdict of the jury, is contrary to the overwhelming weight of the law and evidence and the Court erred in overruling the motions of Appellant for instructed or directed verdicts to the jury and in overruling Appellant's Motion for judgment notwithstanding the verdict of the jury and the motion for a new trial.
III
The Court erred in granting Instruction 1 for the State.
Appellant's first assignment of error is based on the fact that the jury only deliberated between six and a half to seven minutes before returning with its verdict. In considering this assigned error, it is to be noted that at the request of the appellant's attorney the jury was polled and a unanimous verdict of guilty was reconfirmed by each member of the jury.
We are impressed with the observations of the prudent trial judge who in his opinion stated that the jury "was very attentive to the evidence as it was presented." He further observed that:
[T]he Jurors listened very attentively to the reading of the law of the case by the District Attorney and the Attorney for the Defendant, and retired with those instructions having been read to them and having heard the arguments to consider of their verdict of guilty as charged.
It was a brief meeting of the Jury, but I know of no law requiring them, having heard the instructions given by the *224 Court, that they are required to read them one by one and deliberate upon them in the Jury Room. * * *
We have read the instructions given the state and the appellant. Except for Instruction 1 given to the state, which is hereinafter considered, the instructions correctly state the controlling rules of law under the facts in evidence. These instructions are not complicated and can be readily understood by attentive jurors who heard the instructions read or who may have read them.
Because the jury's time of considering their verdict did not exceed seven minutes, it does not follow that the jurors did not carefully consider the testimony and the exhibits. It is not only possible but probable that when the state and the defendant had rested and the summations had been made each juror had decided in his mind the issue of innocence or guilt. After the brief deliberation with each other, the jurors found that they were of a single mind as to the guilt or innocence of the appellant and found him to be guilty.
Under the facts of this case this Court is unwilling to lend its authority to the establishment of any formula or guideline relating to the time a jury must deliberate before delivering its verdict. This Court is cognizant of the fact that in the past in occasional cases, as in the case at bar, rather brief deliberations have taken place in the jury room and verdicts have been returned with unusual rapidity. There is no yardstick of time which a jury should use before reaching a verdict. No two cases are similar as to facts and therefore the law varies in its application thereto. Therefore, we cannot hold that in the time utilized by the jury it could not reach a proper verdict of guilty.
For the foregoing reasons, the appellant's first assignment of error is without merit.
As to appellant's second assignment of error, it is the opinion of this Court that the verdict of the jury is supported by the overwhelming weight of the evidence. The jury determined the credibility of the witnesses and the worth of their testimony. We cannot say that the verdict is against the preponderance of the evidence. The issues were properly submitted to the jury and appellant's motions for directed verdict were properly overruled.
Finally, appellant urges that the granting of the state's Instruction 1 constitutes reversible error. This instruction is commonly known as the "You don't have to know" instruction. The state's Instruction 1 is as follows:
The Court instructs the Jury for the State of Mississippi that you do not have to actually know that the Defendant is guilty before you can convict him; but that it is only necessary that you should believe from the evidence in this case beyond a reasonable doubt that he is guilty; and if you do believe from all the evidence in this case, beyond a reasonable doubt, that the defendant is guilty, it is your sworn duty to find him guilty as charged.
This instruction, long criticized by this Court, was duly considered, and in a decision rendered in Pryor v. State, 239 So.2d 911 (Miss. 1970), the granting of this instruction was held to be reversible error. However, it was explicitly pointed out in Nobles v. State, 241 So.2d 826 (Miss. 1970) that the efficacy of the error was not made retroactive beyond the date of the decision in Pryor v. State, supra. That effective date was September 28, 1970. Since the decision in the case at bar was rendered on June 23, 1970, which is prior to the effective date of the decision, it does not fall within the prohibition announced in the Nobles case. For this reason further comment is unnecessary.
For the foregoing reasons the judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.