569 So.2d 1203 (1990)
Darrell E. SMITH
v.
STATE of Mississippi.
No. 89-KA-0416.
Supreme Court of Mississippi.
October 24, 1990.
*1204 Thomas H. Comer, Jr., Comer & Jenkins, Booneville, for appellant.
Mike C. Moore, Atty. Gen. and Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Darrell E. Smith was convicted in the Prentiss County Circuit Court for sexual battery on a five year old male child. He has appealed to this Court and presents three issues for decision:
I. DID APPELLANT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL AND HIS PRIVILEGE AGAINST SELF-INCRIMINATION?
II. DID THE LENGTH OF JURY DELIBERATION INDICATE THAT THE VERDICT WAS SUPPORTED BY BIAS AND PREJUDICE RATHER THAN CAREFUL THOUGHT AND DELIBERATION?
III. WAS APPELLANT'S SENTENCE DISPROPORTIONATE TO THE CRIME OF SEXUAL BATTERY?

FACTS
The sordid facts of this case will not be detailed. Suffice it to say, the appellant, from the overwhelming evidence, sodomized the child by forcing anal intercourse upon him. The testimony of the child, his mother, the police, the physician, and the physical facts prove beyond reasonable doubt that the appellant committed the offense.

DISCUSSION

I. DID APPELLANT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL AND HIS PRIVILEGE AGAINST SELF-INCRIMINATION?
Appellant contends that statements he made to Mrs. Kim Shackleford, Prentiss County Welfare Department, and Chief of Police Hubert Kitchens, City of Booneville, were not free and voluntary. He had waived his right to an attorney but he claimed that his drinking of intoxicating liquor and drunkenness the night before rendered his statement the next morning to those individuals involuntary. On cross-examination, the appellant testified that he remembered waiving his rights to an attorney and making a statement. On redirect examination, appellant testified to the following:
A: ... I was drunk but I was able to drive a car, able to run from the law, able to come back up there, able to talk with the law, and able to go to jail without a fight. I wasn't that drunk.

In Johnson v. State, 511 So.2d 1360 (Miss. 1987), the Court considered the degree of intoxication in determining whether a confession is voluntary:
We have repeatedly held that the voluntariness of a waiver, or of a confession, must be determined by the trial judge from the totality of the circumstances; it is a factual inquiry. (citations omitted) Moreover, where there is conflicting evidence on the admissibility of a confession, this Court will not disturb the court's findings "unless it appears clearly contrary to the overwhelming weight of the evidence." Wiley v. State, 465 So.2d 318, 320 (Miss. 1985)[.] (citations omitted)
No one factor is dispositive in the totality of circumstances test. Intoxication or sickness does not automatically render a confession involuntary. The admissibility of a confession depends upon the degree of intoxication. See Hemingway v. State, 483 So.2d 1335, *1205 1336 (Miss. 1986). In Kemp v. State, 352 So.2d 446, 448 (Miss. 1977) law officers testified that the appellant had been drinking heavily but that he was in control of his faculties, justifying the admission of the confession. In another case, although the defendant was intoxicated, the court decided there was ample evidence to justify the finding that he was in full command of his faculties, that his intoxication was less than mania, that he fully understood and appreciated what he way [sic] saying, and that his statements were free and voluntary. Moore v. State, 237 So.2d 844, 849 (Miss. 1970).
511 So.2d at 1365 (emphasis added).
Appellant was arrested late in the evening on October 19, 1987. His interview took place the next morning. He testified that he was still partially drunk during the interview. No blood alcohol test was done, but the lapse between his arrest and the interview could not have been more than 11 or 12 hours.
In Stevens v. State, 458 So.2d 726 (Miss. 1984), the Court held that a period of 13 hours was sufficient to allow the defendant to sober up. The statements given to Mrs. Shackleford and Chief Kitchens were used for impeachment by the state. The voluntariness of the statement was not an issue during the trial. The issue on this appeal is resolved against the appellant.

II. DID THE LENGTH OF JURY DELIBERATION INDICATE THAT THE VERDICT WAS SUPPORTED BY BIAS AND PREJUDICE RATHER THAN CAREFUL THOUGHT AND DELIBERATION?
The jury retired to consider its verdict at 2:37 p.m. and informed the Court at 2:40 p.m. that it had arrived at a verdict, a period of three minutes having expired. Appellant complains that three minutes is not enough time for the jury to have considered his case. This Court has held that there is no formula to determine how long a jury should deliberate. Johnson v. State, 252 So.2d 221 (Miss. 1971), cert. denied, 405 U.S. 991, 92 S.Ct. 1262, 31 L.Ed.2d 459 (1972). In Johnson, the Court said:
Because the jury's time of considering their verdict did not exceed seven minutes, it does not follow that the jurors did not carefully consider the testimony and the exhibits. It is not only possible but probable that when the state and the defendant had rested and the summations had been made each juror had decided in his mind the issue of innocence or guilt. After the brief deliberation with each other, the jurors found that they were of a single mind as to the guilt or innocence of the appellant and found him to be guilty.
Under the facts of this case this Court is unwilling to lend its authority to the establishment of any formula or guideline relating to the time a jury must deliberate before delivering its verdict. This Court is cognizant of the fact that in the past in occasional cases, as in the case at bar, rather brief deliberations have taken place in the jury room and verdicts have been returned with unusual rapidity. There is no yardstick of time which a jury should use before reaching a verdict. No two cases are similar as to facts and therefore the law varies in its application thereto. Therefore, we cannot hold that in the time utilized by the jury it could not reach a proper verdict of guilty.

252 So.2d at 224 (emphasis added).
The jury issue in this case was simple and concise. The jury heard the evidence, heard the instructions of the court on the law and found a verdict of guilty as charged. We cannot say that the length of the jury's deliberation indicated bias or prejudice toward the appellant on its part. Issue number two is resolved against the appellant.

III. WAS APPELLANT'S SENTENCE DISPROPORTIONATE TO THE CRIME OF SEXUAL BATTERY?
The appellant contends that his sentence of thirty years in the State Penitentiary is disproportionate to the crime of sexual battery. Section 97-3-101 Miss. *1206 Code Ann. 97-3-101 (Supp. 1980) provides that every person who shall be convicted of sexual battery shall be imprisoned in the state penitentiary for a period of not more than thirty (30) years. The maximum sentence under that statute was imposed upon the appellant. He cites no authority to support his position, nor was any objection made upon the imposition of the sentence. In Contreras v. State, 445 So.2d 543, 546 (Miss. 1984), this Court said, as it has said many times:
This Court has held many times that the trial judge will not be put in error nor will he be held to have abused his discretion in the sentence, if it is within the limits fixed by statute.
The issue is resolved against the appellant. There being no reversible errors in the record, the judgment of the lower court is affirmed.
CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.