# IN THE COURT OF APPEALS 06/18/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 93-KA-00215 COA

**JOHNNY LEE MARSHALL**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ALFRED THAD LEGGETT III

COURT FROM WHICH APPEALED: PIKE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

CHARLES E. MILLER

ATTORNEY FOR APPELLEE:

DEIDRE MCCRORY

DISTRICT ATTORNEY: DANNY SMITH

NATURE OF THE CASE: SEXUAL BATTERY

TRIAL COURT DISPOSITION: GUILTY OF SEXUAL BATTERY, SENTENCED TO SERVE TWENTY FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT BENEFIT OF PAROLE

BEFORE FRAISER, C.J., DIAZ, AND MCMILLIN, JJ.

DIAZ, J., FOR THE COURT:

Johnny Lee Marshall was indicted, tried, and convicted of sexual battery by the Circuit Court of Pike County and sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections without benefit of parole. Feeling aggrieved, Marshall appeals his conviction and cites three errors: (1) the trial court erred in failing to grant his motion for continuance; (2) the trial court erred in failing to grant Marshall's motion for directed verdict; and (3) the trial court erred in sentencing Marshall to twenty-five years without parole. Finding no reversible error, we affirm.

FACTS

During the evening of August 22, 1992, M.W. went riding with Johnny Lee Marshall (Marshall), and her cousin, N.W. M.W. and N.W. were thirteen years old at the time. Marshall allowed the girls to drive his car and took them to McDonald's. While N.W. was driving, Marshall told her to drive to a certain ball field where she parked the car. Marshall told N.W. to get out of the car. She got out and stood at the front of the car while M.W. remained in the back seat. Marshall then climbed into the back seat with M.W. M.W. testified that Marshall proceeded to unbutton her shirt and pull down her shorts and panties and penetrated her without her consent. N.W. testified that she heard M.W. crying in the car and heard her say, "No, don't." The jury returned a verdict of guilty, and Marshall was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.

DISCUSSION

1. Did the Trial Court Err in Denying

Marshall's Motion for Continuance?

The decision to grant or deny a continuance is within the sound discretion of the trial judge and will not be disturbed on appeal unless manifest injustice appears to have resulted from the denial. *Alexander v.* State, 602 So. 2d 1180, 1182 (Miss. 1992). In the case at bar, Marshall argues that his ore tenus motion requesting a continuance should have been granted due to his inability to locate a witness. The State counters that Marshall did not comply with the statutory requirements of section 99-15-29 which set out the requirements for an application for continuance. Therefore, the State argues, the trial judge did not abuse his discretion in denying the continuance.

Marshall must file a formal application for continuance with affidavits complying with the requirements of section 99-15-29. Under this section, Marshall's application for continuance must contain affidavits setting forth the facts expected to be proved by the absent witness, that he used due diligence to procure the presence of the absent witness, and that the continuance is not sought for delay, but in the interest of justice. *Atterberry v. State*, 667 So. 2d 622, 631 (Miss. 1995). Marshall's motion, made the morning of trial, was not sworn, did not contain attached affidavits, and failed to state that the continuance was sought for justice and not delay. Thus, the motion was properly denied. Additionally, the witness had never been located and there was no showing that the absent

witness would likely be located in the future. We find the trial judge did not abuse his discretion in denying Marshall's motion for continuance.

2. Did the Trial Court Err in Denying

Marshall's Motion for Directed Verdict?

In reviewing a denial of directed verdict, this Court must consider the evidence in the "light most favorable to the State." *Harveston v. State*, 493 So. 2d 365, 370 (Miss. 1986). The trial judge must accept as true all evidence favorable to the State and all reasonable inferences flowing therefrom. *Noe v. State*, 616 So. 2d 298, 302 (Miss. 1993). If under this standard sufficient evidence exists to support the jury's verdict, the motion should be overruled. *Id.*

Marshall argues that the evidence was insufficient because N.W. did not witness the sexual act committed by Marshall. He further contends that the evidence was lacking because Dr. Ward did not find any physical evidence of rape. The record reveals that M.W. testified to the details of the sexual acts committed upon her and identified Marshall as the perpetrator. It is within the province of the jury to determine the veracity of witnesses and the jury chose to accept her testimony as true. *Miller v. State*, 634 So. 2d 127, 130 (Miss. 1994). The evidence presented at trial was sufficient for a reasonable jury to find Marshall guilty of the crime charged.

Marshall also cites as error the fact that Dr. Ward, the emergency room physician who treated M.W. on the night in question, testified to M.W.'s mental condition. Marshall did not object to this testimony at the trial court and therefore, did not preserve the issue for appeal. *Russell v. State*, 670 So. 2d 816, 836 (Miss. 1995). Accordingly, we hold that Marshall is procedurally barred from raising this issue.

3. Did the Trial Court Err in Sentencing

Marshall to Twenty-Five Years Without Parole?

Marshall contends that the trial court acted improperly by sentencing him to twenty-five years without parole for the crime of sexual battery. The maximum statutory sentence for sexual battery is thirty years. Miss. Code Ann. § 97-3-101 (1972). The trial judge's sentence of twenty-five years is within the guidelines of section 97-3-101, and this Court will not find error when the sentence is within the limits set out by the appropriate statute. *Smith v. State*, 569 So. 2d 1203, 1206 (Miss. 1990).

Accordingly, this assignment of error is without merit.

**THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**