McRAE, Justice,
dissenting:
¶ 15. I disagree with the majority’s conclusion that the circuit judge abused his discretion in granting Sanders’ motion for additur. The majority has not adequately refuted the lower court’s findings or otherwise demonstrated an abuse of judicial discretion. The order of the circuit court should be affirmed; at the very least, the case should be remanded for a new trial on the issue of damages. Accordingly, I dissent.
¶ 16. The majority first suggests that the circuit court abused its discretion in basing its finding in part on the fact that the jury’s decision was made within twenty minutes instead of another hour or so. As the majority notes, “there is no formula to determine how long a jury should deliberate.” Smith v. State, 569 So.2d 1203, 1205 (Miss.1990). However, in Johnson v. State, 252 So.2d 221, 224 (Miss.1971), recognizing that premise, we stated that “[n]o two cases are similar as to facts and therefore the law varies in its application thereto.” Moreover, we have discouraged judges from acting in any way such as to hasten a jury’s deliberations, emphasizing the need for mature consideration of the issues before it. Wade v. State, 155 Miss. 648, 658, 124 So. 803, 804-05 (1929). While the length of a jury’s deliberations might not necessarily indicate bias, passion or prejudice, or a lack thereof, Smith, 569 So.2d at 1205, it is not unreasonable or even an abuse of discretion for a judge, given the peculiar facts of the case before him, to express some concern that the verdict was reached in such a short period of time.
¶ 17. The majority further appears discomforted by its inability to express the additional damages awarded by the addi-tur in terms of a mathematical equation. Granted, Sanders’ injuries did not preclude him from working. Nevertheless, because of the continuing pain he suffered, he was unable to do all that he had done prior to the accident and was forced to contract out some tasks, costing him some $300 to $500 per month. According to his supplemental responses to interrogatories, Sanders had already incurred medical expenses of $2,655.32 and paid sub-contractors $2,513.45 for work he was now physically unable to do. That these actual damages alone exceed the amount awarded by the jury provided the basis for an additur, whereas in the case sub judice, there is also evidence of pain and suffering. Moody v. RPM Pizza, Inc., 659 So.2d 877, 883 (Miss.1995); Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945-46 (Miss.1992). Moreover, we have not abandoned the old maxim that the defendant must take the plaintiff as he finds him. Insurance Dept. of Mississippi v. Dinsmore, 233 Miss. 569, 579, 102 So.2d 691, 694 (1958). Thus, the fact that future surgery is necessary because the accident exacerbated an old injury, rather than creating a new one, should have no bearing on the dollar value of the damages recoverable.
¶ 18. Finally, the majority makes much of the fact that at the time of the accident, Sanders didn’t think he was hurt and that he didn’t go the doctor until eleven days after the accident. Not all injuries are immediately apparent. We cannot make light of an injury because it did not manifest itself at the scene of the accident or require emergency medical attention.
*191 ¶ 19. Finding no basis for the majority’s contention that the circuit court abused its discretion in granting an additur, I would affirm the order; or, in the alternative, reverse for a new trial on the issue of damages. Accordingly, I dissent.
SULLIVAN, P.J., and WALLER, J., join this opinion.