510 So.2d 794 (1987)
Johnny DAVIS a/k/a Johnny Luckett
v.
STATE of Mississippi.
No. 57051.
Supreme Court of Mississippi.
July 22, 1987.
*795 Merrida P. Coxwell, Jr., Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by H.M. Ray, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
In the Circuit Court of Hinds County, Johnny Davis a/k/a Johnny Luckett was found guilty of sexual battery and was sentenced as a recidivist to thirty years without probation or parole in the custody of the Mississippi Department of Corrections. From that conviction and sentence, Davis appeals assigning as error:
(1) The trial court erred in refusing to suppress the in-court identification of the appellant by the victim.
(2) The verdict is against the overwhelming weight of the evidence.
(3) The sentence of thirty years in prison without chance for probation or parole is violative of the United States and Mississippi Constitutions.

I.
At approximately 1:00 a.m., October 28, 1984, at her home in Jackson, Mississippi, 42 year-old Delia Smith awoke to a "creeping noise" in the hall outside her bedroom. Upon investigation, Ms. Smith encountered Johnny Davis a/k/a Johnny Luckett who indicated he wanted to perform an act of oral sex. A struggle ensued landing Smith and Davis on the living room couch.
After completing an act of oral sex on Mrs. Smith, Davis allegedly penetrated Smith's vagina with his penis. During the course of this penetration, Ms. Smith procured a brass bird statue with which she beaned Davis on the head numerous times. These blows caused Davis to leave a trail of blood beginning with Ms. Smith's gown and ending at the window he used as an exit. Ms. Smith went next door and called the police.
When the police arrived, they found Ms. Smith in her front yard wearing her night gown. After questioning, Ms. Smith was taken to the Mississippi Baptist Medical Center where she was examined by Dr. Charles E. Grissom.
Before taking Ms. Smith to the hospital to be examined, the accompanying police officers became aware that a man fitting the description of Ms. Smith's attacker was being treated in the Mississippi Baptist Medical Center emergency room for head wounds. After Ms. Smith was examined in the same emergency room, the officers escorted Ms. Smith to the area where the suspect was being treated. Ms. Smith positively identified the suspect, Johnny Davis, as her attacker.
Davis was subsequently arrested and charged with sexual battery in violation of Miss. Code Ann. § 97-3-95. Davis was indicted as a recidivist under Miss. Code Ann. § 99-19-81 and was tried November 6, 1985.
During his trial, Davis was identified in court by Ms. Smith. In addition, a seriological fluid expert testified Davis' blood type matched the blood found on Ms. Smith's gown, but did not match Ms. Smith's blood type. The jury returned a unanimous verdict of guilty, and Davis was sentenced to serve a term of thirty years without probation or parole in the custody of the Mississippi Department of Corrections.

II.

Did the trial court err by refusing to suppress Smith's in-court identification?
Appellant contends Delia Smith's in-court identification was the result of an unnecessarily suggestive viewing by the victim while appellant was being treated at the hospital.
An impermissibly suggestive pretrial identification does not preclude an in-court identification by an eyewitness who viewed the suspect unless from the totality of the circumstances the identification was *796 so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. York v. State, 413 So.2d 1372, 1383 (Miss. 1982); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
The current guidelines for judging the admissibility of identification testimony are found in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). In Manson, the United States Supreme Court concluded:
[R]eliability is the linchpin in determining the admissibility of identification testimony for [allegedly improper suggestive] confrontations. The factors to be considered ... include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
Manson, 432 U.S. at 114, 97 S.Ct. at 2253, 53 L.Ed.2d at 154. See also, Jones v. State, 504 So.2d 1196 (Miss. 1987); Ray v. State, 503 So.2d 222 (Miss. 1986); Thompson v. State, 483 So.2d 690 (Miss. 1986).
In Manson, the United States Supreme Court reaffirmed the pattern of analysis emanating from Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
Reviewing the testimony of Delia Smith in light of the Manson and Neil factors, this Court finds: (1) Ms. Smith viewed the appellant at close range for approximately an hour; (2) Ms. Smith's undivided attention was focused on her attacker; (3) Ms. Smith's initial description of her attacker to the police exhibited a high degree of accuracy; (4) Ms. Smith was positive of her identification of the suspect whose face she described as "a face I'll never forget."; and, (5) the time between the crime and the subsequent confrontation of the appellant was approximately one hour.
Under the totality of the circumstances as contemplated by Manson v. Braithwaite and Neil v. Biggers, this Court holds there was no substantial likelihood of misidentification. Therefore, the trial judge committed no error in allowing Ms. Smith's in-court identification of the appellant.

III.

Was the verdict of the jury against the overwhelming weight of the evidence?
In Fisher v. State, 481 So.2d 203 (1985), this Court elaborated on the standard of review when the legal sufficiency of the evidence is tested:
Where such a point is presented to this Court on appeal, we must, with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the State's case  in the light most favorable to the State. Williams v. State, 463 So.2d 1064, 1067 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984); Callahan v. State, 419 So.2d 165, 174 (Miss. 1982); Sadler v. State, 407 So.2d 95, 97 (Miss. 1981). The credible evidence which is consistent with the verdict must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). We may reverse only where with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty. Cook v. State, 467 So.2d 203, 208-09 (Miss. 1985); Bullock v. State, 447 So.2d 1284, 1286-87 (Miss. 1984); Dickerson v. State, 441 So.2d 536, 538-40 (Miss. 1983). Matters regarding the weight and credibility to be accorded evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984). Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980).
Fisher v. State, 481 So.2d 212.
If the credible evidence in the instant case is considered in the light favorable to the State, it is more than sufficient to support the guilty verdict.

*797 IV.
Was the sentence of thirty years in prison without probation or parole violative of the United States or Mississippi Constitutions?
Upon conviction, appellant was sentenced as a recidivist under Miss. Code Ann. § 99-19-81, which mandates the maximum term of imprisonment prescribed for the committed felony, without eligibility for parole or probation. The maximum term of imprisonment for sexual battery is thirty years. Miss. Code Ann. § 97-3-101 (Supp. 1986).
On appeal, appellant contends a sentence of thirty years imprisonment without chance for probation or parole is disproportionate to the crime of sexual battery and is therefore violative of the Eighth Amendment to the United States Constitution and Article 3, § 28 of the Mississippi Constitution. This Court disagrees.
In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) the United States Supreme Court set standards for proportionality analysis as follows:
In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650. See also Jenkins v. State, 483 So.2d 1330 (Miss. 1986); Burt v. State, 493 So.2d 1325, 1331 (Miss. 1986) (Prather, J., dissenting); Presley v. State, 474 So.2d 612 (Miss. 1985).
Appellant's argument to mitigate the gravity of his offense is unpersuasive. He contends, "Smith was not harmed other than the personal violation of her body that was the underlying charge of sexual battery. Appellant on the other hand did receive physical harm."
An unbiased review of the record reflects that appellant entered the victim's home in the middle of the night, threatened numerous times to kill the victim, manhandled the victim onto a living room couch, and forcibly penetrated her vagina with his penis after performing a non-consensual act of oral sex. This Court holds the harshness of the penalty is justified by the gravity of the offense.
Applying the second factor of the Solem v. Helm analysis, this Court notes that non-habitual offenders convicted of sexual battery under Miss. Code Ann. § 97-3-95 (Supp. 1986) may be sentenced to up to thirty years in prison just as recidivists may be sentenced to thirty years in prison. Under this Court's decision in Jenkins v. State, 483 So.2d 1330, 1334 (Miss. 1986), the second prong of the Solem analysis is met.
To comply with the third factor of the Solem analysis, the prosecutor at the sentencing hearing provided information concerning the sentences for sexual battery in Georgia and Florida. According to Ga. Code Ann. § 26-2001 (1983), one convicted of having carnal knowledge of a female, forcibly and against her will may be punished by death, or by imprisonment for life, or by imprisonment for not less than one year but not more than twenty years. In addition, Ga. Code Ann. § 27-2511 (1983) provides that the longest term applicable must be applied to a second offender and the longest applicable term without parole must be applied to a fourth offender.
Under Florida statute, one using threatening force to complete a sexual battery is guilty of a first degree felony. Fla. Stat. Ann. § 794.011(4)(b) (West 1987). A second felony offender may be sentenced to life in prison if his second felony is one of first degree. Fla. Stat. Ann. § 775.084 (West 1976 and 1987).
This Court holds the sentence in the instant case was not so dissimilar to the sentences for the same crime in other states as to make it a disproportionate penalty. Therefore, this Court holds the appellant's sentence of thirty years in prison without chance for probation or parole meets the Solem v. Helm standards and is not grossly disproportionate to the crime of sexual battery.
Finding no reversible error, the conviction of sexual battery and the sentence of *798 thirty years without probation or parole in the custody of the Mississippi Department of Corrections is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
SULLIVAN, J., not participating.