# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-KA-00445-SCT

*JOHN WILLIAMS a/k/a JOHN L. WILLIAM*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/1997 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | K. ELIZABETH DAVIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 9/9/1999 |
| MOTION FOR REHEARING FILED: | 09/30/99;Denied 11/18/99 |
| MANDATE ISSUED: | 11/29/99 |

## BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

## BANKS, JUSTICE, FOR THE COURT:

¶1. This case challenges the conviction and sentence imposed for sexual battery. We conclude that the conviction is supported by the evidence. We further conclude that the sentence imposed is neither excessive nor disproportionate to the crime of sexual battery. Accordingly, we affirm the conviction and sentence imposed by the trial court.

### I.

¶2. John Williams was indicted in a multi-count indictment on six counts of sexual battery and two counts of fondling in the Carroll County Circuit Court. Prior to trial, the two counts of fondling were severed by the trial court.

¶3. Testifying for the State during trial on the matter were four children, all of whom testified that John Williams sexually abused them. In Counts I and II of the indictment, Williams was charged with "unlawfully, willfully, and feloniously" engaging in sexual penetration with the first child by inserting his finger into her vagina. The first child, age 10 at the time of trial, testified that on two visits to Williams's home to watch movies and play with his pets, Williams put his hands between her legs and inserted his finger inside her vagina.

¶4. Count III charged Williams with the sexual penetration of the second child by inserting his penis into the child's mouth. The second child, age 7, testified that on several occasions, he went to Williams's home with his brother, the third child, to watch movies. On one occasion, the second child testified that Williams promised him $5 to "suck his weiner", referring to Williams's penis. The second child later told his parents what Williams had done, despite Williams's warnings not to tell.

¶5. In Count IV, Williams was charged with sexual penetration of the third child. The third child, age 9 at trial, testified that during the summer of 1997, he also visited with Williams several times. His testimony was that during one visit, he and Williams went into the bathroom where Williams made the third child play with his "weiner" and suck it. The third child also stated that Williams promised him $5 if he allowed Williams to do these things to him.

¶6. Counts V and VI charged Williams with sexual penetration of the fourth child by inserting his finger into her vagina. The fourth child, who was 11 at the time of trial, testified that during a visit to Williams's home to watch movies with her younger brothers, sister and cousins, Williams put his fingers inside her "cat", referring to her vagina. She also testified that she never told anyone because Williams threatened to hurt her if she did. She stated that Williams inserted his finger into her vagina on another occasion while she was visiting with him also. Her cousin, a 12-year-old child, testified she walked in on Williams while he had his hands in the fourth child's pants.

¶7. Dr. Billy Boldon, a pediatrician, testified that he took a medical history of the fourth child after she was brought in by her mother, who believed the fourth child had been molested by Williams. The child informed Dr. Boldon that Williams had inserted his finger into her vagina on more than one occasion, referred to by Dr. Boldon as "digital molestation." Dr. Boldon completed a physical examination of the child but found no physical evidence of sexual abuse. Dr. Boldon, testified, however, that such was common in cases like the fourth child's where examination was conducted long after the digital penetration may have occurred and that usually within 72 hours, any evidence, such as redness, bruising or irritation, is not found. There was no record of medical examinations of any of the other children.

¶8. Williams presented the testimony of Rita Bennett, mother of the second, third and fourth children and the first child's aunt. Her testimony was that she was not aware of any allegations of sexual abuse until after an argument ensued between her son, Rex, and Williams. Williams rested without testifying or calling any other witnesses on his behalf.

¶9. Based on the evidence before it, the jury convicted Williams of all six counts of sexual battery. Williams was subsequently sentenced to serve a term of imprisonment in the Mississippi Department of Corrections as follows:

Count I: thirty years;

Count II: thirty years, concurrent to Count I;

Count III: thirty years, concurrent to Counts I and II;

Count IV: thirty years, consecutive to Count I, II, III;

Count V: thirty years, concurrent with Count IV;

Count VI: thirty years, concurrent with Count IV.

¶10. Aggrieved, Williams appeals to this Court.

## II.

¶11. We collectively address Williams's first four assignments. In his first assignment of error, Williams argues that the trial court erred in not granting his motion for a directed verdict. Williams next argues that the court erred in not granting Instruction D-1, a peremptory jury instruction. He further alleges that the trial court erred by denying his motion for new trial.

¶12. Williams's challenge that the State failed to prove beyond a reasonable doubt that he was guilty of sexual battery goes to the sufficiency of the evidence. He also argues that his motion for new trial should have been granted because the verdict was against the overwhelming weight of the evidence.

¶13. The standard of review in challenges to the sufficiency of the evidence is one in which all the evidence is considered in a light most favorable to the verdict. *Collier v. State*, 711 So. 2d 458, 461 (Miss. 1998). The credible evidence consistent with the guilt must be accepted as true, and the prosecution must be given the benefit of all favorable inferences which may be reasonably drawn from the evidence. *Collier v. State*, 711 So. 2d at 461 (quoting *Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987); *Coleman v. State*, 697 So. 2d 777, 787 (Miss. 1997). Matters regarding the weight and credibility are to be resolved by the jury, and this Court may reverse only where the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. *Collier* at 461. The standard of review for the denial of a peremptory instruction is identical to that for denial of a directed verdict. *Coleman v. State*, 697 So. 2d at 787.

¶14. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict, reversing only when convinced the circuit court has abused its discretion in failing to grant a new trial. *Id.* at 461 (citing *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997). Only in cases where the verdict is so contrary to the overwhelming weight of the evidence will the Court disturb it on appeal and grant a new trial. *Id*.

¶15. Miss. Code Ann. § 97-3-95 (1994) stated in pertinent part that " [a] person is guilty of sexual battery if he or she engages in sexual penetration with another person without his or her consent. . . .or a child under the age of fourteen (14) years." This Court has held that the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification. *Roberson v. State*, 501 So. 2d 398, 400 (Miss. 1987). Contact between a person's mouth, lips, or tongue and genitals of a person's body, whether by kissing, licking, or sucking, is sexual penetration. *Hennington v. State*, 702 So. 2d 403, 408 (Miss. 1997).

¶16. The crux of Williams's argument is that there is no physical evidence of sexual penetration of any of the children. He also relies on the fact that some of the children could not remember exact dates and that because the children continued visits to his home, despite alleged incidents of abuse, their allegations are suspect. Williams further asserts that the testimony elicited from the children is inconsistent and uncorroborated, making their testimony unreliable. There is also the argument that the children concocted the allegations of abuse after one of their family members, Rex Bennett, got into an argument with Williams.

¶17. While there was no physical evidence presented by the State in this case, this Court has held that the

unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence. *Collier v. State*, 711 So. 2d 458, 462 (Miss. 1998) (citing *Christian v. State*, 456 So. 2d 729, 734 (Miss. 1984)). Dr. Bolden, the State's expert who examined the fourth child, testified that any physical finding of sexual penetration by digital molestation, the type presented in this case, would usually be found within the first 24 hours of penetration, and that it would be an exception to find anything in cases involving just digital molestation. This Court has also held that it is in the province of the jury to determine the credibility of witnesses. *Collier* at 462 (citing *Pleasant v. State*, 701 So. 2d 799, 802 (Miss. 1997)). Any questions regarding the weight and worth of witness testimony or witness credibility are for the jury to resolve. *Eakes v. State*, 665 So. 2d 852, 872 (Miss. 1995).

¶18. Considering all the evidence favorable to the State, we conclude that the verdict of the jury is supported by the evidence and that the trial court did not err in refusing to grant Williams's request for peremptory instruction or new trial. Nor is the verdict against the overwhelming weight of the evidence. While there may be minor inconsistencies in the children's testimony, they were all in accord on one thing they suffered sexual abuse at the hands of Williams. The jury was presented with the evidence and, as trier of fact, chose to return a verdict of guilty. Accordingly, we will not disturb the verdict in this case.

## III.

¶19. Williams alleges that the sentences imposed are excessive and violative of the eighth amendment to the United States Constitution and article 3, § 28 of the Mississippi Constitution.

¶20. Williams fails to cite any authority in support of this assignment as well. As such, the Court is not obligated to address his argument. *Turner v. State*, 721 So. 2d 642, 648 (Miss. 1998). Addressing the merits, however, Williams argues that thirty years is the maximum sentence he could have received for a conviction of sexual battery, making the term imposed excessive and disproportionate.

¶21. The general rule is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992). This Court will review a sentence where it is alleged that the penalty imposed is disproportionate to the crime charged. *Id*. The factors to consider when conducting a proportionality analysis include (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id* at 302-03 (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)).

¶22. Under Miss. Code Ann. § 97-3-101, the maximum sentence which can be imposed for the crime of sexual battery is 30 years. *Smith v. State*, 569 So. 2d 1203, 1205 (Miss. 1990). Williams was convicted of six counts of sexual battery, with the maximum sentence in each being thirty years. The trial judge sentenced Williams to a term of thirty years on each count, with two of the sentences running consecutively and four running concurrently, making the term which Williams would have to serve sixty years. Under Miss. Code Ann. § 99-7-2 (3) (1994), "when a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction." *Id*. The Court concludes that the trial court sentenced Williams within the limits of § 99-3-101 and did not abuse its discretion. This claim is without merit.

¶23. Addressing Williams's argument on proportionality, this Court has held that a sentence of thirty years is

not disproportionate for sexual battery. *Davis v. State*, 510 So. 2d 794, 797 (Miss. 1987). Turning to the *Solem* factors to be evaluated in a proportionality analysis, the Court should first consider the gravity of the offense and the harshness of the penalty. Here, Williams enticed young children, aged 7-11, to his home with movies and animals in efforts to sexually abuse them in various ways. He did this on several occasions, with at least four children over the course of about two months. Williams also threatened physical harm to some of the children if they reported his actions to anyone. In light of these facts, the harshness of the penalty in this case is justified by the gravity of the offenses.

¶24. We next consider sentences imposed on other criminals in the same jurisdiction. *Davis*, 510 So. 2d at 797. This Court has upheld thirty year sentences for sexual battery in *Davis* and in *Smith v. State*, 569 So. 2d 1203 (Miss. 1990). While Williams was sentenced to serve more than thirty years, the Court notes that he was convicted on six counts of sexual battery. As to each sexual battery count, he was sentenced to the maximum term of thirty years. Thus, Williams's sentence is similar to other sentences imposed in this jurisdiction for sexual battery.

¶25. The last factor to be considered is sentences imposed for the commission of the same crime in other jurisdictions. *Davis*, at 797. Under Florida Statute § 794.011(2)(a), a person 18 years or older who commits sexual battery upon a person less than twelve years of age commits a capital felony, which can result in a punishment of life imprisonment. *See Leduc v. State*, 448 So. 2d 32, 33 (Fla. Dist. Ct. App. 1984). In Tennessee, Williams's conduct is classified as aggravated sexual battery. Tenn. Code. Ann. § 39-13-504(4). As a Class B felony in Tennessee, aggravated sexual battery is punishable by a term of not less than eight nor more than thirty years. Tenn. Code Ann. § 40-35-111(2). In assessing the thirty-year sentence imposed in *Davis* for sexual battery, this Court found that the sentence was not so dissimilar to sentences for the same crime in other states. *Davis*, at 797. Therefore, we conclude that Williams's sixty year term for six counts of sexual battery is not disproportionate to the crime. Williams's contention is without merit.

## IV.

¶26. For the foregoing reasons, the conviction and sentence imposed by the trial court are affirmed.

¶27. **COUNTS I-VI: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONCURRENTLY WITH SENTENCE IN COUNT I. SENTENCE IN COUNT III SHALL RUN CONCURRENTLY WITH SENTENCES IN COUNTS I AND II. SENTENCE IN COUNT IV SHALL RUN CONSECUTIVELY WITH SENTENCE IN COUNT I. SENTENCE IN COUNT V SHALL RUN CONCURRENTLY WITH SENTENCE IN COUNT IV. SENTENCE IN COUNT VI SHALL RUN CONCURRENTLY WITH SENTENCE IN COUNTS IV AND V.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**