MOORE, J.,
for the Court:
¶ 1. Senica Mathew Franklin pled guilty to possession of cocaine in the First Judicial District, Circuit Court of Harrison County. He challenges his sentence of three years in the custody of the Mississippi State Department of Corrections upon the single assertion that the sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Mississippi State Constitution. Finding no error, we affirm the trial court.
PROCEDURAL HISTORY
¶ 2. The essence of Franklin’s assertion of error is that the trial court’s sentencing order was not entered in a timely manner, and as a consequence he was subjected to harsher treatment than the order contemplated. Franklin was eighteen years old at the time he was initially sentenced on October 26, 1998. The trial court was inclined to sentence him to the Restitution Program. However, Franklin requested the trial court sentence him to the full three years confinement allowed under Miss.Code Ann. § 41-29-139(c)(l) (Rev. 1993). The trial court granted his request but suspended that sentence for two years probation and a $1,000 fine. Franklin’s attorney then filed a motion to reconsider the sentence and requesting that Franklin be held in the Restitution Center until such time as he paid the fine. The trial court denied that motion, but did verbally amend the sentencing order to provide that he would be placed in the Regimented Inmate Discipline Program (RID Program) and only if he failed to complete the RID Program would he be required to serve his full sentence in the general prison population.
¶ 3. For matters not entirely clear in the record, this amended order was granted on December 11, 1998, but it was not entered until April 22, 1999. Because the order was not entered in a timely manner, Franklin was initially placed in the general inmate population in the state penitentiary at Parchman, and remained there for approximately six months until the trial court entered the order and he was transferred into the RID Program. Shortly after being correctly placed, Franklin resigned from the program. Under the terms of the amended order, his resignation requires he serve his entire sentence of three years. He asserts that the failure to promptly place him in the program constituted cruel and unusual punishment.
ANALYSIS
¶ 4. Franklin asserts his sentence was disproportionate to the crime of possessing crack cocaine by a first time offender. “The general rule is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.” Williams v. State, 757 So.2d 953, 957 (Miss.1999). See also Fleming v. State, 604 So.2d 280, 302 (Miss.1992). In this case, Franklin’s sentence was within the maximum term allowed. Franklin contends that as a first time offender he should have been treated with leniency and should not be subjected to the maximum penalty. However, the record clearly shows the trial court offered him leniency, and he choose not to accept it.
¶ 5. Franklin acknowledges that his own actions resulted in the trial court sentencing him to the maximum sentence provided under Miss.Code Ann. § 41-29-139(c)(l) (Rev.1993). Nevertheless, he asserts the sentence was disproportionate to the crime to which he pled guilty. When challenging the proportionality of a sentence under either the United States or our state constitution, a three part test is utilized.
This Court will review a sentence where it is alleged that the penalty imposed is disproportionate to the crime charged, (citation omitted). The factors to consider when conducting a proportionality analysis include (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other *972 criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.
Williams v. State, 757 So.2d at 957 (citing Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).
¶ 6. Concerning the gravity of the offense and harshness of the penalty, drug use is a grave concern. However, Franklin is a young man who as a first time user with no past violent history is incarcerated with hardened, violent men, so the penalty he received is harsh. Nevertheless, the record is clear that but for his own intemperate behavior before the trial court, his sentence would have been more lenient. Appellate courts must afford legislatures and sentencing courts with “substantial deference” in assessing a particular penalty to a particular crime. Solem v. Helm, 463 U.S. at 290, 103 S.Ct. 3001. See also Rummel v. Estelle, 445 U.S. 263, 281, 100 S.Ct. 1133, 63 L.Ed.2d 382, (1980); Seely v. State, 451 So.2d 213, 215-16 (Miss.1984). Given the particular facts in this case, we do not find that harshness of the penalty is disproportionate to the sentence of three years.
¶ 7. Concerning the sentences imposed upon other criminals in the same jurisdiction, nothing in Franklin’s brief even suggests that the trial court’s order to place Franklin in the RID Program, with the provision that if he failed to complete the program he would be transferred to the general prison population, was disproportionate to sentences given to other offenders without histories of criminal behavior. In fact, his brief suggests just the opposite. The entire argument is simply that MDOC’s failure to place Franklin immediately into the RID Program caused the sentence to become constitutionally impermissible. No authority is cited for this proposition. Moreover, as the trial court discussed, Franklin never sought any administrative review within MDOC concerning its failure to properly place him. See Miss.Code Ann. § 47-5-801 (Rev.1993). Franklin only brought the motion to reconsider his sentence after MDOC had complied with the sentencing order by placing him into the RID Program and after he had voluntarily resigned to return to the general prison population. Under ’these facts, the sentence imposed was not disproportionate to other sentences imposed within the jurisdiction.
¶ 8. Concerning sentences imposed upon criminals in other jurisdictions, Franklin fails to cite any authority going to a specific jurisdiction. Nevertheless, we note that in Arkansas the minimum penalty for possession of any controlled substance is three years. ARK. STAT. ANN. § 5-64-101 (Supp.1999). In Texas the minimum sentence for possession of cocaine is two to twenty years imprisonment and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 1994). As such, Franklin’s sentence was not disproportionate to those of criminals in other jurisdictions.
¶ 9. The State does not contest that but for an error in entering the judgment, Franklin would initially have been incarcerated in the RID Program rather than the general population. No doubt this error worked a hardship upon Franklin. However, the conclusion at law is simply that even if the trial court had never amended its original sentencing order and left the sentence at three years in the general prison population, Franklin would not have been subjected to constitutionally impermissible cruel and unusual punishment. Accordingly, we hold Franklin’s sentence does not constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Mississippi State Constitution. Finding no error, we affirm the trial court.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF THREE YEARS IN THE *973 CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.