844 So.2d 496 (2003)
Glenn Allen FORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00728-COA.
Court of Appeals of Mississippi.
April 29, 2003.
Leslie D. Roussell, Laurel, attorney for appellant.
*497 Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, P.J., THOMAS, MYERS and GRIFFIS, JJ.
THOMAS, J., for the court.
¶ 1. Glenn Allen Ford pled guilty to possession of a controlled substance, methamphetamine, and was sentenced to a term of eight years with two suspended and to pay a $20,000 fine by the Circuit Court of Lamar County. Aggrieved, he asserts the following issue on appeal:
I. WHETHER THE SENTENCE IN THIS CASE WAS DISPROPORTIONATE TO THE OFFENSE PLED TO AND/OR WHETHER THE SENTENCE IN THIS CASE WAS DISPROPORTIONATE TO SIMILAR CRIMES.
Finding no error, we affirm.

FACTS
¶ 2. Glenn Allen Ford was arrested by the narcotics task force and charged with possession of 1.9 grams of methamphetamine as well as precursor chemicals with intent to manufacture methamphetamine. Ford's pickup was seized by the authorities and civil forfeiture proceedings were initiated against the truck. The forfeiture proceeding was stayed until conclusion of the criminal proceeding against Ford.
¶ 3. With the assistance of counsel, a plea bargain agreement was reached wherein Ford agreed to plead guilty to possession of 1.9 grams of methamphetamine and the State agreed to dismiss the charge of possession of precursor chemicals with intent to manufacture. No agreement was reached as to time to be served or fine to be paid. In his petition to enter a guilty plea, Ford acknowledged knowing that the range for a sentence was from two to eight years along with a fine of up to $50,000. Ford also acknowledged having previous convictions in federal court for possession of a controlled substance.
¶ 4. Ford pled guilty to possession on March 18, 2002, in Lamar County Circuit Court. The trial court explained the constitutional rights Ford was waiving with his plea, including his right against self-incrimination and his right to a jury trial. Ford acknowledged understanding the rights he was waiving as well as again acknowledging the sentencing range and maximum fine for his offense. After further questioning Ford, the trial court found that his plea was voluntarily and intelligently entered. At a separate sentencing hearing, Ford was sentenced to eight years with two years suspended, pay a $20,000 fine, and complete a drug rehabilitation program. The trial court ordered Ford's truck sold and the proceeds applied to his fine.
I. WAS THE SENTENCE IN THIS CASE DISPROPORTIONATE TO THE OFFENSE PLED TO AND/OR WAS THE SENTENCE IN THIS CASE DISPROPORTIONATE TO SIMILAR CRIMES?
¶ 5. Ford asserts that his sentence amounts to cruel and unusual punishment and that it is disproportionate to similarly situated defendants in the same circuit court district as well as in the rest of the State of Mississippi. Ford cites Williams v. State, 757 So.2d 953 (Miss. 1999), in support of his argument, in which the Mississippi Supreme Court states:
This Court will review a sentence where it is alleged that the penalty imposed is disproportionate to the crime charged. The factors to consider when conducting a proportionality analysis include (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same *498 jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.
Id. at 957(¶ 21)(citing Fleming v. State, 604 So.2d 280, 302-03 (Miss.1992); Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Although the test set forth is indeed correct, Ford fails to note the language immediately preceding the above quote from Williams. "The general rule is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." Williams, 757 So.2d at 957(¶ 21)(citing Fleming, 604 So.2d 280 at 302).
¶ 6. The statute under which Ford was sentenced, Miss.Code. Ann. § 41-29-139, provides penalties for possession of controlled substances including methamphetamine and states that anyone convicted of possession of more than one-tenth gram but less than two grams shall be sentenced to imprisonment for not less than two years nor more than eight years and fined not more than $50,000. Ford's sentence of eight years with two suspended and fine of $20,000 is well within the maximum limits set by the applicable statute.
¶ 7. Although Ford claims that his sentence is disproportionate to others in Lamar County, the record contains no information regarding the sentences of other similarly situated defendants, either in Lamar County or in the State of Mississippi. Ford attempts to use the federal sentencing guidelines to show that his sentence was too harsh, but it should be noted that Ford was sentenced under state jurisdiction and Mississippi has not adopted the federal guidelines. They are therefore irrelevant for offenses under exclusive state jurisdiction. Similarly, there is no information included regarding the separate civil forfeiture proceedings held in connection with selling Ford's truck. The burden is on the appellant to include whatever is needed in support of his arguments. This Court must "decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions." Mason v. State, 440 So.2d 318, 319 (Miss.1983).
¶ 8. Ford pled guilty to possession of 1.9 grams of methamphetamine while having prior convictions for possession of a controlled substance. He was convicted of violating federal controlled substance laws involving methamphetamine for which he was serving 29 months at the time of his sentencing hearing. Ford acknowledged knowing the range of sentence he could receive. He knew that the prosecution was dropping a charge in return for his guilty plea. Having been sentenced well within the statutory maximum for his particular offense, this is not cruel and unusual punishment. Barnwell v. State, 567 So.2d 215, 221-22 (Miss.1990). This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY OF POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE AND SENTENCE OF EIGHT YEARS WITH SIX YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO THE SENTENCE NOW BEING SERVED IN FEDERAL CUSTODY, AND TWO YEARS SUSPENDED AND FINE OF $20,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.