914 So.2d 297 (2005)
Arnie D. BATES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02409-COA.
Court of Appeals of Mississippi.
November 1, 2005.
*298 Arnie D. Bates, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., GRIFFIS, and ISHEE, JJ.
ISHEE, J., for the COURT.
¶ 1. Arnie D. Bates' motion for post-conviction relief was denied by the circuit court. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. In April 2002, Arnie Bates was indicted for the kidnapping and sexual battery of a fourteen-year-old girl. See Miss. Code Ann. §§ 97-3-53 and 97-3-95 (Rev. 2000). Bates subsequently entered a guilty plea in July 2002 to the sexual battery charge in exchange for the State dismissing the kidnapping charge. As a result of his guilty plea, Bates was sentenced to a thirty-year term of incarceration.
¶ 3. Bates filed two motions for post-conviction relief; the first was filed on April 5, 2004, and the second on September 17, 2004. Both motions were denied by the trial court. Aggrieved by the judgment against him, Bates appealed and now argues the following: (1) whether Bates received a disparate sentence; and (2) whether Bates was denied effective assistance of counsel.

ISSUES AND ANALYSIS

I. Whether Bates received a disparate sentence.
¶ 4. Bates argues that he was imprisoned due to an unjust and unfair sentence because the trial court abused its discretion in ordering him to serve a disparate sentence. The trial court sentenced Bates to a thirty-year term of incarceration which Bates maintains was a far longer sentence than others convicted of sexual battery have received from that trial judge. Bates asserts that he was denied equal protection of the law and was discriminated against by receiving a much longer sentence than others for conviction of the same crime.
*299 ¶ 5. Before proceeding, we pause to consider the standard of review. Where questions of law are at issue, this Court conducts a de novo review of a trial court's denial of a motion for post-conviction relief, and we will not reverse the factual findings of the trial court unless they are clearly erroneous. Boddie v. State, 875 So.2d 180, 183(¶ 6) (Miss.2004).
¶ 6. Bates argues on appeal that he received a disparate sentence because "he is a black man and the alleged victim in this instance is a white woman." Bates did not make this argument in his motions for post-conviction relief. Therefore, this issue is procedurally barred from further review. See Miss.Code Ann. § 99-39-21(1)(2) (Rev.2000).
¶ 7. Furthermore, this Court also concludes that substantively, Bates has failed to provide specific facts to support his argument. Conclusory allegations alone, without concrete facts to support those allegations, are an insufficient basis for this Court to grant the requested relief. Stack v. State, 860 So.2d 687, 691(¶ 7) (Miss.2003); McGleachie v. State, 840 So.2d 108, 110 (¶¶ 11-14) (Miss.Ct.App. 2002). The record which Bates provided to this Court contains neither a transcript of the trial court proceedings, nor any specific facts relating to the nature of the crimes committed by others convicted of sexual battery which might explain the differences in the respective sentences. As a general rule, when an appellate record contains no transcript of a plea hearing, this Court must presume that the trial court acted properly. Ford v. State, 708 So.2d 73, 75(¶ 9) (Miss.1998).
¶ 8. From the limited record which Bates provided, this Court concludes that he entered a guilty plea to the charge of sexual battery of a fourteen-year-old, and he received a thirty-year sentence. This term of incarceration was within the statutory guidelines, and Bates has failed to present concrete facts to support his allegation that the sentence was unjust. See Miss.Code Ann. § 97-3-101 (Rev.2000). Therefore, this Court specifically finds Bates's argument to be without merit.

II. Whether Bates was denied effective assistance of counsel.
¶ 9. Bates argues that had his attorney objected to the sentence at the time it was imposed, it is very likely that he would not have received a thirty-year sentence. Bates argues that his attorney's performance was deficient, and that but for his attorney's unprofessional errors, the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 10. We turn now to address the standard of review for a claim of ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Bates must demonstrate that his attorney's performance was deficient and that this deficiency deprived him of a fair trial. Id.; Moore v. State, 676 So.2d 244, 246 (Miss. 1996). In applying this standard to the facts in the case at bar, we are mindful of the strong presumption that counsel rendered adequate assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Bates "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Id. at 684, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003).
Furthermore, when a convicted defendant challenges his guilty plea on [the] grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity. Beyond that, he must show that those errors proximately resulted in his guilty plea and that but *300 for counsel's errors he would not have entered the plea.
Reynolds v. State, 521 So.2d 914, 918 (Miss.1988).
¶ 11. As was the case with his first assignment of error, Bates has failed to present this Court with specific, concrete facts to support his conclusory allegation that his attorney's performance was deficient and that but for his attorney's errors, his sentence would have been different. Bates has failed to satisfy his burden of overcoming the "strong presumption that [his] attorney's conduct fell within the wide range of professional assistance." Woodson, 845 So.2d at 742(¶ 8). Therefore, we find that this issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.