# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00088-COA

**RODRIGO HUNTER GAYTAN A/K/A HUNTER GAYTAN**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/2025 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM STACY KELLUM III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/10/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND McDONALD, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Rodrigo Hunter Gaytan pled guilty to one count of sexual battery and was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, followed by ten years of post-release supervision. Gaytan subsequently filed a timely motion for post-conviction relief (PCR), arguing that his sentence was grossly disproportionate to his crime. The circuit court denied relief and dismissed his motion, stating it lacked merit. Gaytan now appeals.

## FACTS AND PROCEDURES

¶2.     Gaytan, who was twenty-one years old at the time of the incident, communicated with

TL,[1] who was fifteen years old at the time of the incident, on Instagram from January 1, 2022, to January 23, 2022. At some point during their interactions, both Gaytan and TL agreed to have sex. On or before January 23, 2022, Gaytan drove to TL's grandparents' house in the middle of the night, picked up TL, took her to a nearby hotel, and had sex with her. After they had sex, Gaytan took her back to her grandparents' house.

¶3.     Sometime later that day, TL's father contacted the Southaven Police Department to report that his daughter TL had been sexually assaulted. He reported to authorities that when he went to pick up TL from her grandparents in Southaven, he noticed the lock to the gate in the backyard had been tampered with. Upon reviewing security camera footage, he saw Gaytan's car leaving TL's grandparents' home and returning at 3 a.m. Authorities confiscated and extracted data from Instagram on TL's phone. On her phone, they found messages indicating that she had met Gaytan on Instagram and agreed to meet for sex. Moreover, they found that Gaytan knew that TL was fifteen at the time and took her to Southaven Inn & Suites on Southaven Hampton Road to have sex. Gaytan admitted to police that he had solicited sexually explicit pictures and had sexual intercourse with TL.

¶4.     On June 8, 2022, Gaytan was indicted for child exploitation (Count One) in violation of Mississippi Code Annotated section 97-5-3(7) (Rev. 2020) and for two counts of sexual battery (Counts Two and Three) pursuant to Mississippi Code Annotated section 97-3-95(l)(c) (Rev. 2020). On April 11, 2023, Gaytan entered a plea of guilty to sexual battery

---

[1] The initials TL are used to protect the privacy of the minor.

under Count Two. Counts One and Three were remanded to the file. During his plea hearing, the State accused Gaytan of willfully, unlawfully, and feloniously engaging in sexual penetration with a minor, TL. Gaytan and his attorney, Darin Vance, responded by disclosing that Gaytan's actions stemmed from mental and emotional illnesses he had been experiencing.[2]

¶5.     On June 22, 2023, the court held a sentencing hearing pursuant to Gaytan's guilty plea to one count of sexual battery. Multiple people testified on Gaytan's behalf regarding his mental health challenges. During the hearing, the court reaffirmed Gaytan's understanding of the maximum sentence for sexual battery:

> [THE COURT]: It appears that this defendant entered a plea of guilty to sexual battery April 11th of this year. At that time he was advised that the maximum he could receive was 30 years and a $10,000 fine. There was no minimum incarceration or fine. Is that correct, Mr. Vance.
>
> [GAYTAN]: That is correct, Your Honor.

¶6.     In Gaytan's written statement he read to the court, he stated that he was sorry for the trouble and hurt he caused and that he took "complete responsibility" for his actions with TL. The State asked the court to impose a twelve-year sentence followed by ten years of post-release supervision, with a reporting requirement for five of those years. The court ultimately sentenced Gaytan to serve eight years in the custody of the Mississippi Department of Corrections, followed by ten years of post-release supervision with one year of reporting and

---

[2] At no time were *M'Naghten* claims raised.

nine years of non-reporting. Following the imposition of his sentence, the court asked if Gaytan's attorney wanted to say anything else, which he declined:

[THE COURT]: Anything from you, Mr. Vance?

[GAYTAN]: No, Your Honor.

¶7. Gaytan subsequently filed a PCR motion with the trial court on December 26, 2024. After reviewing the indictment, the petition to enter a guilty plea, sentencing order, and the transcripts of the plea and sentencing hearings, the court denied relief and dismissed the motion, citing Mississippi Code Annotated section 99-39-11(Rev. 2020). Gaytan now appeals.

## STANDARD OF REVIEW

¶8. We review the dismissal of a PCR motion for abuse of discretion. *Burrough v. State*, 9 So. 3d 368, 371 (¶6) (Miss. 2009) (citing *Billiot v. State*, 655 So. 2d 1, 12 (Miss. 1995)). The circuit court may summarily dismiss a PCR motion "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Id.* (quoting Miss. Code Ann. § 99-39-11(2)). We will reverse the denial of a PCR motion if "the trial court's factual findings are clearly erroneous." *Bevalaque v. State*, 337 So. 3d 691, 694-95 (¶6) (Miss. Ct. App. 2022) (quoting *Wheeler v. State*, 306 So. 3d 751, 757 (¶20) (Miss. Ct. App. 2020)). Questions of law, however, are reviewed de novo. *Id.*

## DISCUSSION

4

¶9.     Gaytan contends that his eight-year sentence is wildly disproportionate to the crime he committed. He explains that he had sex with TL only once, that she was only six years younger than him, and that his interactions with her grew out of his mental health complications and sheltered life. As a result, he argues that because he did not entice or abuse TL, his case differs from existing sexual-battery caselaw in Mississippi in which hefty sentencing was warranted. *See Williams v. State*, 757 So. 2d 953, 958 (¶¶23-24) (Miss. 1999) (sentencing an adult offender to thirty years for several instances of sexual battery to young children); *Bates v. State*, 914 So. 2d 297, 299 (¶8) (Miss. 2005) (sentencing an offender to thirty years after pleading guilty to sexual battery and kidnapping a fourteen-year-old).

¶10.    It is well established that sentencing is "within the sound discretion of the trial court . . . and generally is not subject to appellate review if it is within the limits prescribed by the applicable statute. This includes sentences based on guilty pleas." *Burrough*, 9 So. 3d at 372 (¶10) (citations omitted). "An illegal sentence is one that does not conform to the applicable penalty statute." *Phillips v. State*, 332 So. 3d 408, 411 (¶7) (Miss. Ct. App. 2022). Generally, "a sentence that does not exceed the maximum period of time allowed by statute will not be disturbed on appeal." *Cummings v. State*, 29 So. 3d 859, 861 (¶4) (Miss. Ct. App. 2010); *see Calhoun v. State*, 849 So. 2d 892, 897 (¶19) (Miss. 2003) ("When a sentence is within the limits fixed by the statute, the sentence cannot be said to be excessive."). At the time that Gaytan pled guilty to the DeSoto County charge in 2023, he was sentenced pursuant to Mississippi Code Annotated section 97-3-95(1)(c), which states:

(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:

(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person;
(c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

Miss. Code Ann. § 97-3-95(1) (Rev. 2020).

¶11. This Court considers three factors set forth in *Solem v. Helm*, 463 U.S. 277, 290 (1983), when determining whether a sentence is proportional to the offense:

(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.

*Brown v. State*, 37 So. 3d 1205, 1218 (¶36) (Miss. Ct. App. 2009). However, the *Solem* factors are only applied "when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" *Id.*; *see also Russell v. State*, 346 So. 3d 435, 439 (¶17) (Miss. 2022) (finding "only in the exceedingly rare case in which this threshold comparison leads to an inference of gross disproportionality should the court then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions"); *Cook v. State*, 106 So. 3d 823, 825 (¶8) (Miss. Ct. App. 2012) (stating there is no requirement "that a trial court conduct a sua sponte proportionality analysis")).

¶12. In *Solem*, the Supreme Court overturned a man's life sentence, finding the punishment

6

disproportionate to his crime because his prior crimes were nonviolent. *Solem*, 463 U.S. at 283-84. By contrast, in *Russell*, our supreme court found the life sentence was proportional because of the defendant's prior violent crimes. *Russell*, 346 So. 3d at 439, 442 (¶¶20, 33). Our review of the record reflects that Gaytan received a legal and proportional sentence for sexual battery under section 97-3-95(1)(c). Gaytan was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, followed by ten years of post-release supervision. The maximum sentence was thirty years and a fine of $10,000, which Gaytan confirmed he understood in his plea petition and during the sentencing hearing. Even with the thirty-year maximum, the State recommended an open plea with a twelve-year-sentence cap followed by ten years of post-release supervision, with five of those years reporting.[3] Unlike *Solem*, whose crime was nonviolent and who was sentenced as a habitual offender to life imprisonment, Gaytan was sentenced as a non-habitual offender for a violent crime. Moreover, although he was convicted and sentenced for a violent crime—a sexual offense against a minor—Gaytan received the benefit of two counts of his indictment being remanded to the files and he was given a much lighter sentence than the maximum allowed

---

[3] It must be noted that the Gaytan's plea petition states that the State recommended an "open plea with a twelve year cap. . . ." This, too, was unusual because the State made a recommendation that he not receive a sentence beyond twelve years—also a benefit to Gaytan. "This Court has held that an open plea does not 'designate any specific recommendation that the State [will] offer.' We held that in a situation where the defendant agrees to an open plea, the State is not bound by any agreement to offer a specific recommendation." *Jones v. State*, 885 So. 2d 83, 86 (¶7) (Miss. Ct. App. 2004) (citation omitted).

by the statute. Lastly, Gaytan's sentence was more lenient than the two cases he cites for support in his brief. *See Williams*, 757 So. 2d at 958 (¶¶23-24); *see also Bates*, 914 So. 2d at 299 (¶8). Considering the circumstances, the court appears to have taken Gaytan's testimony and the testimony of his witnesses into consideration, as evidenced by Gaytan receiving a more lenient sentence that does not exceed the statutory limits.

¶13. This Court agrees with the circuit court's finding that "Gaytan's claim nevertheless lacks substantive merit." It is clear that Gaytan was twenty-one years old when he had sex with TL, who was fifteen years old, leaving an age difference of six years. Gaytan was aware and admitted to the court that he knew of TL's age when he began communicating with her and when he had sex with her. Gaytan's sentencing was well under the maximum sentence for sexual battery and under the State's sentencing recommendation to the court. The court imposed a sentence that was twenty-two years less than the maximum for sexual battery. *See* Miss. Code Ann. § 97-3-101(3) (Rev. 2020).

¶14. Therefore, this Court finds no need to proceed to the comparison analysis. The record reflects no gross disproportionality in the sentence, and the sentence falls within the statutory limits; therefore, we find no abuse of discretion in the sentence imposed by the circuit court. *See Cummings v. State*, 58 So. 3d 715, 719 (¶19) (Miss. Ct. App. 2021) ("This Court reviews the terms of a sentence under an abuse-of-discretion standard.").

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE,**

8

**EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**