995 So.2d 812 (2008)
Stanley MORGAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00608-COA.
Court of Appeals of Mississippi.
June 10, 2008.
Rehearing Denied October 7, 2008.
Certiorari Denied December 4, 2008.
*814 Robert Wendell James, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Stanley Morgan was convicted in the Circuit Court of Jasper County for the sexual battery of a twelve-year-old child. On appeal, Morgan argues the following issues that we quote verbatim:
I. Whether the trial court erred in allowing, over objection and contrary to an agreed order between the State and the Defendant, the hearsay testimony of Dr. Patricia Tibbs stating, "the boyfriend of the mother molested her."
II. Whether the trial court erred in denying the proffered Jury Instruction D-5.
III. Whether the jury verdict of guilty is the result of bias and passion on the part of the jury and contrary to the credible evidence adduced at trial and the law of this State.
¶ 2. Finding no reversible error, we affirm.

FACTS AND PROCEDURAL HISTORY[1]
¶ 3. Morgan met S.P. in April 2003. After four months of dating, Morgan moved in with S.P. and her three children. Morgan, who was unemployed during this time, stayed home and babysat S.P.'s children while she worked the night shift.
¶ 4. In the fall of 2003, S.P. became pregnant by Morgan. C.E., S.P.'s oldest child, testified that Morgan began to sexually abuse her during her mother's pregnancy. C.E. explained that Morgan forced her to engage in sexual intercourse with him on several occasions between October 2003 and September 2004. C.E. testified that Morgan threatened to rape her mother if C.E. did not have sex with him. C.E. further testified that she feared Morgan and his threats. At the time of the incidents, C.E. was only twelve years old, and Morgan was thirty years old. In September 2004, C.E. told her mother that Morgan had repeatedly raped her during the past year. Subsequently, S.P. pressed charges against Morgan, who was arrested.
¶ 5. On August 1, 2005, Morgan was indicted for sexual battery and subsequently convicted of this crime. On March 2, 2007, the Circuit Court of Jasper County sentenced him to serve thirty years in the custody of the Mississippi Department of Corrections. Morgan filed a motion for a judgment notwithstanding the verdict or motion for a new trial, which the trial court denied on March 12, 2007. Aggrieved, Morgan timely filed this appeal.

STANDARD OF REVIEW
¶ 6. This court reviews evidentiary rulings of the trial court under an abuse of *815 discretion standard. Foley v. State, 914 So.2d 677, 682(5) (Miss.2005) (citing Broadhead v. Bonita Lakes Mall, Ltd. P'ship, 702 So.2d 92, 102(35) (Miss.1997)).

ANALYSIS

I. Whether the trial court erred in allowing the hearsay testimony of Dr. Tibbs.
¶ 7. Morgan argues that the State violated the "Agreed Order Concerning Hearsay" that he entered into with the State. In that order, it was agreed that "the medical related witnesses [are] allowed to testify as to what C.E. told them happened to her, just that the medical related witnesses will not testify as to who committed the alleged crime upon her." At trial, after both C.E. and S.P. testified and identified Morgan as the perpetrator, pediatrician Dr. Patricia Tibbs testified about the medical treatment C.E. received from her. The testimony in dispute was as follows:
Q: When [C.E.] first came to you or was brought to you as a patient, was a history taken at that time?
TIBBS: Yes, sir.
Q: And what was the history?
TIBBS: Her mother's ex-boyfriend was sexually abusing her.
Defense counsel objected to the statement as hearsay. The trial court overruled the objection, stating that Dr. Tibbs was "merely relating the history that was provided for her." Later in her testimony, Dr. Tibbs acknowledged that she was not there to offer an opinion as to who penetrated C.E. because she did not know.
¶ 8. Morgan argues that, without any physical evidence linking him to the crime, the hearsay statement made by Dr. Tibbs reinforced in the jury's mind that he was guilty of the crime. Morgan further argues that, in regard to the medical testimony, statements about cause were to be permitted; however, statements about fault should have been excluded. The State argues that the statement is not hearsay because it was not offered to prove the truth of the matter asserted; instead, the statement is merely related to C.E.'s personal history that Dr. Tibbs took during the medical exam. Therefore, the State contends that the trial court did not commit reversible error in overruling Morgan's objection to Dr. Tibbs's testimony.
¶ 9. Mississippi Rule of Evidence 803(4) provides a hearsay exception for statements made for the purposes of medical treatment. Before admitting testimony pursuant to Rule 803(4), the statement must pass a two-part test: (1) "the declarant's motive in making the statement must be consistent with the purposes of promoting treatment" and (2) "the content of the statement must be such as is reasonably relied on by a physician in treatment." Davis v. State, 878 So.2d 1020, 1024(12) (Miss.Ct.App.2004) (quoting Doe v. Doe, 644 So.2d 1199, 1205-06 (Miss.1994)). The supreme court has recognized that "[s]tatements made by a child sexual abuse victim concerning the acts of sexual abuse, along with the identity of the perpetrator, are reasonably pertinent to treatment and are reasonably relied upon by physicians in diagnosis and treatment." Id. at 1024-25(14) (citing Doe, 644 So.2d at 1206).
¶ 10. After learning that C.E. had been sexually abused by Morgan, S.P. took her daughter to Dr. Tibbs for medical treatment. This information was relayed to Dr. Tibbs, who diagnosed and treated C.E. accordingly. Dr. Tibbs examined C.E., and the examination revealed that C.E. had a torn and eroded hymen, indicating that C.E. had been subject to significant vaginal penetration. This prompted Dr. Tibbs to test both C.E. and her mother for any sexually transmitted diseases. Both *816 C.E. and her mother tested positive for chlamydia. It is clear that Dr. Tibbs's testimony related solely to issues consistent with C.E.'s treatment. The statement that "her mother's ex-boyfriend was sexually abusing her" is the type of information doctors rely upon to diagnose and treat patients under these circumstances. Therefore, Dr. Tibbs's testimony was relevant and admissible as it pertained to C.E.'s diagnosis and treatment. Accordingly, we find that the trial court did not err in overruling Morgan's objection to Dr. Tibbs's testimony.

II. Whether the trial court erred in denying the proffered jury instruction D-5.
¶ 11. Jury instruction D-5 reads, "The court instructs the jury that the uncorroborated testimony of a victim should be examined closely and be scrutinized with caution." The trial court refused the instruction because the defense did not present any authority for it. Morgan argues that there is authority for the instruction, and in denying the instruction, the trial court denied him the ability to present the underlying basis of his defense to the jury. However, Morgan has not presented to this Court any authority that specifically mandates such an instruction. See, e.g., Bell v. State, 879 So.2d 423, 434(28) (Miss.2004).
¶ 12. In reviewing a trial court's grant or denial of jury instructions, this court determines if the parties received fair instructions that accurately reflected the law. Foley, 914 So.2d at 686(14). In doing so, this Court does not review jury instructions in isolation; instead, jury instructions are reviewed as a whole. Eakes v. State, 665 So.2d 852, 871 (Miss.1995) (citing Malone v. State, 486 So.2d 360, 365 (Miss.1986); Lee v. State, 529 So.2d 181, 183 (Miss.1988)). A jury instruction that "`incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence' need not be submitted to the jury." Foley, 914 So.2d at 686(14) (quoting Humphrey v. State, 759 So.2d 368, 380(33) (Miss.2000)). Accordingly, this Court will not find reversible error where, when read as a whole, the jury instructions "fairly announce the law of the case and create no injustice." Id. (citing Coleman v. State, 697 So.2d 777, 782 (Miss.1997)).
¶ 13. Morgan relies on authority that recognizes the importance of cautionary instructions in regard to the testimony of informants and accomplices to a crime; however, this argument is misplaced here. It is recognized that a trial court may, in its discretion, grant a cautionary instruction regarding the testimony of an accomplice "where there is some question as to the reasonableness and consistency of the testimony of the accomplice." Burke v. State, 576 So.2d 1239, 1242 (Miss.1991) (citation omitted). However, as illustrated in Bandy v. State, 495 So.2d 486 (Miss. 1986), this is not so in the case of a child witness. In Bandy, the defendant requested that the court give the jury the following instruction: "Testimony of a child of tender years, such as this should be received by you with great caution." Id. at 489. The trial court refused to give the instruction, stating that it was not legally required and was an improper comment on the evidence. Id. Further, the court reasoned:
the language of the instruction in telling the jury to view [the child's] testimony "with great caution," sets out the same standard given to the jury for evaluating the testimony of accomplices and co-defendants. The instruction is given in those cases because of the inherent mistrust of those witnesses' veracity. That is not necessarily the case with a child witness.... A child's testimony should *817 not be viewed with a jaundiced eye as to whether or not the child is truthfula child may be presumed to be as truthful as any other witness. If the jury is to be instructed at all with respect to the testimony of a child, it should be told to view the testimony in light of the child's age and understanding, not his veracity.
Id. at 493.
¶ 14. Like the jury instruction requested in Bandy, Morgan's requested instruction essentially asked the jury to be cautious of his child-victim's testimony. Morgan's requested instruction is improper and is not supported by legal authority. Therefore, we find that Morgan's argument is without merit, and the trial court did not err when it refused jury instruction D-5.

III. Whether the jury verdict of guilty was contrary to the credible evidence.
¶ 15. Morgan argues that because C.E.'s testimony was uncorroborated and because there was a lack of physical evidence connecting him to the crime, the State did not meet its burden of proof. More specifically, Morgan contends that the presence of chlamydia in both C.E. and S.P. is not conclusive or sufficient to prove that he sexually abused C.E. since he was not tested for the venereal disease.
¶ 16. In reviewing the sufficiency of the evidence, this Court examines whether there was sufficient evidence to find that the defendant committed the crime beyond a reasonable doubt. Foley, 914 So.2d at 690(27). If the evidence fails to establish that the defendant committed the act charged, the conviction cannot stand. Id. (citation omitted). "To determine whether a jury verdict is against the overwhelming weight of the evidence, we must view all of the evidence in the light consistent with the verdict and give the State all favorable inferences which may be drawn from the evidence." Butler v. State, 758 So.2d 1063, 1067(13) (Miss.Ct. App.2000). This Court will only reverse a conviction where it is clear that "fair-minded jurors could only find the accused not guilty." Taylor v. State, 836 So.2d 774, 777(16) (Miss.Ct.App.2002).
¶ 17. After reviewing all evidence in the light most favorable to the State, we find that there was sufficient evidence for a reasonable jury to convict Morgan of sexual battery. Mississippi Code Annotated section 97-3-95 (Rev.2006) states in pertinent part:
(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
....
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
Through the testimony of S.P. and C.E., the State offered proof that Morgan, then thirty years old, engaged in sexual penetration of C.E., who was only twelve years old at the time. C.E. described several separate incidents from October 2003 to October 2004 where Morgan forced her to engage in sexual intercourse and oral sex with him. Dr. Tibbs testified that her examination of C.E. revealed that the child had been subject to significant vaginal penetration. Also, Dr. Tibbs testified that both C.E. and S.P. tested positive for chlamydia. S.P. testified that Morgan was the only person with whom she had sexual relations during that time. Still, Morgan maintains that C.E.'s testimony was uncorroborated. However, "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other credible evidence...." Davis, 878 So.2d at 1027(29) (quoting Cross v. *818 State, 759 So.2d 354, 356(11) (Miss.1999)). Further, Morgan fails to realize that physical evidence of sexual penetration specifically linking him to C.E.'s abuse is not necessary to secure a conviction. See, e.g., Williams v. State, 757 So.2d 953, 957(17) (Miss.1999). In Williams, the defendant argued that there was no physical evidence of sexual penetration of any of the victims. Id. at 957(16). The court held that, although the State did not present any physical evidence of sexual penetration, the unsupported word of the victim is sufficient, and "it is in the province of the jury to determine the credibility of witnesses." Id. at 957(17) (citations omitted).
¶ 18. C.E.'s testimony was not discredited or contradicted by other credible evidence. The jury is the trier of fact in these instances, and the jury believed the testimony of C.E., S.P., and Dr. Tibbs. Therefore, we find that there was sufficient and credible evidence for a reasonable jury to find Morgan guilty of sexual battery beyond a reasonable doubt.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND REGISTRATION AS A SEX-OFFENDER UPON RELEASE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING AND GRIFFIS, JJ., CONCUR IN RESULT ONLY.
NOTES
[1] To protect the anonymity of the minor, we use initials to represent the names of the victim and her mother.