KING, C.J.,
 

 for the Court.
 

 ¶ 1. David Dorrell Dora was convicted in the Circuit Court of Lowndes County of burglary of a business. Dora was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC), with two years of post-release supervision, and ordered to pay a $2,000 fine. Aggrieved, Dora raises two issues on appeal, which we quote verbatim:
 

 I. Whether the trial court erred in ruling that the defense failed to make a prima facie case of racial discrimination after the defense raised a
 
 Batson
 
 chai-
 
 *48
 
 lenge to the State’s peremptory strikes made during jury selection.
 

 II. Whether the trial court erred to properly instruct the jury by refusing to give the defendant’s proposed instruction on credibility of a witness.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 3, 2003, Dan’s County Line Grocery, which is located in Crawford, Mississippi, was burglarized. The Lowndes County Sheriffs Department responded to the call. The police officers saw that someone had cut a hole in the wall on the back of the grocery store. Inside the grocery store, the police officers found that the door on a video poker machine had been smashed in, and fireworks were located on top of the video poker machine. There was no money found in the video poker machine. Several witnesses identified Dora as the perpetrator.
 

 ¶ 3. Dora was indicted for the crime on August 15, 2003. On November 14, 2003, Dora filed a petition to enter a guilty plea. However, that petition was later withdrawn.
 

 ¶ 4. Dora’s trial commenced in the Circuit Court of Lowndes County on September 6, 2006. During voir dire, Dora raised a
 
 Batson
 
 challenge, arguing that the State used four out of five of its peremptory strikes in a racially discriminatory manner against African American members of the venire. Because the State did not use all of its peremptory strikes and several African American members of the venire were seated as jurors, the trial court found that the State did not use its peremptory strikes in a raeially-discriminatory manner.
 

 ¶ 5. During the trial, Peggy Webber, the manager of the grocery store, testified that she saw Dora in front of the
 
 grocery
 
 store on the night of the burglary. Tommy Dora (Tommy), Dora’s cousin, and Barbara Lagrone, Tommy’s ex-girlfriend, who both lived behind the grocery store, testified that they saw Dora burglarize the grocery store.
 

 ¶ 6. At the conclusion of the testimony, the trial court and the attorneys went over the proposed jury instructions. Dora submitted a jury instruction that described the issue of witness credibility in great detail. The trial court found that Dora’s proposed jury instruction improperly highlighted the State’s witnesses. Because the trial court was giving a boilerplate instruction that addressed the credibility of the witnesses, the trial court refused to give Dora’s proposed jury instruction.
 

 ¶ 7. On September 7, 2006, a Lowndes County jury found Dora guilty of the crime charged. Dora was sentenced to five years in the custody of the MDOC, with two years of post-release supervision, and ordered to pay a $2,000 fine. On the same day, Dora filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court denied the motion.
 

 ¶ 8. Dora filed a motion for an out-of-time appeal, which was not included in the record. The trial court’s order on Dora’s motion showed that Dora alleged that he had signed a handwritten statement, expressing that he would not appeal his guilty conviction. However, Dora alleged that within thirty days of signing this statement, he contacted his attorney and expressed his desire to appeal his conviction. Dora’s attorney did not have any recollection of this event. On May 28, 2008, the trial court granted Dora’s motion for an out-of-time appeal, erring on the side of caution, because Dora’s attorney had failed to have the handwritten statement sworn and notarized. Thereafter,
 
 *49
 
 Dora filed his notice of appeal on June 12, 2008.
 

 ANALYSIS
 

 I.Out-of-Time Appeal
 

 ¶ 9. The timeliness of Dora’s out-of-time appeal was not raised by either party. However, as a preliminary matter, this Court must determine whether the trial court erred by granting Dora’s request for an out-of-time appeal.
 

 ¶ 10. Generally, an appeal must be filed within thirty days of the date of the entry of the judgment being appealed. M.R.A.P. 4(a). However, the trial court has the authority to reopen the time for appeal under Rule 4(h), which provides that:
 

 The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 

 M.R.A.P. 4(h). “[0]ur appellate courts have opined that a trial judge probably does not have the authority to grant an out-of-time appeal later than 180 days after the entry of judgment.”
 
 Parker v. State,
 
 921 So.2d 397, 399(¶ 5) (Miss.Ct.App.2006) (citing
 
 McGruder v. State,
 
 886 So.2d 1, 2(¶ 4) (Miss.2003)).
 

 ¶ 11. The trial court’s judgment regarding Dora’s conviction and sentence was entered on September 7, 2006. Dora failed to file an appeal within thirty days. The record does not show when Dora filed his motion for an out-of-time appeal, but the record is clear that Dora’s out-of-time appeal was granted on May 28, 2008, well over the 180-day time limit. To assist the Court in this matter, we requested additional briefing from the parties regarding the issue of jurisdiction. The parties’ additional briefing failed to provide any helpful information to assist the Court in properly addressing this matter. Because the record before the Court is not sufficient to rule on the matter, we will err on the side of caution and address Dora’s appeal on the merits.
 

 II.
 
 Batson
 
 Challenge
 

 ¶ 12. When reviewing a challenge under
 
 Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), this Court will not reverse the factual findings of the trial court unless those findings are clearly erroneous.
 
 Ramsey v. State,
 
 998 So.2d 1016, 1017(¶ 8) (Miss.Ct.App.2008) (citing
 
 Moore v. State,
 
 914 So.2d 185, 189(¶11) (Miss.Ct.App.2005)). “Any determination made by a trial judge under
 
 Batson
 
 is accorded great deference because it is ‘based, in a large part, on credibility.’ ”
 
 Id.
 

 ¶ 13. Under
 
 Batson,
 
 a defendant must show the following three things to establish a prima facie case of racial discrimination:
 

 1. That he is a member of a “cognizable racial group[”;]
 

 2. That the proponent has exercised peremptory challenges toward the elimination of veniremen of his race; and
 

 3. That facts and circumstances raised an inference that the proponent used his peremptory challenges for the purpose of striking minorities.
 

 Id.
 
 at 1018(¶ 11) (quoting
 
 Puckett v. State,
 
 788 So.2d 752, 756(¶10) (Miss.2001)). Dora argues that the trial court erred by finding that he failed to make a prima facie case of racial discrimination regarding the
 
 *50
 
 State’s use of its peremptory strikes. Dora contends that he established a prima facie case by showing that: (1) he was an African American male; (2) the State exercised four out of five of its peremptory strikes against African American members of the venire; and (3) the facts and circumstances raised an inference that the State used its peremptory strikes in a raeially-discriminatory manner. Conversely, the State argues that: (1) Dora failed to establish a prima facie case of discrimination; (2) several African Americans were tendered to the jury; and (3) there is insufficient evidence in the record to support Dora’s argument.
 

 ¶ 14. The question before this Court is whether Dora met his burden of showing that the State engaged in a pattern of purposeful discrimination. The record does not reflect the racial composition of the venire, nor does the record reflect the racial composition of the veniremen selected to serve on the jury. However, it is clear that there were African American members of the venire who were selected to serve on the jury. Dora complains that the State used four out of five of its peremptory strikes to exclude African American veniremen. However, this fact alone “is insufficient to establish an inference to a pattern of purposeful discrimination.”
 
 Gilbert v. State,
 
 934 So.2d 330, 337(¶22) (Miss.Ct.App.2006) (citing
 
 Dennis v. State, 555
 
 So.2d 679, 681 (Miss.1989)). Based on the record, the facts and circumstances in the case at bar do not raise an inference that the State used its peremptory challenges in a racially-discriminatory manner. Dora has failed to place before this Court evidence that calls the trial court’s judgment into question. Thus, we find that this assignment of error is without merit.
 

 III. Jury Instruction
 

 ¶ 15. Dora argues that the trial court erred by refusing to give his proposed jury instruction regarding the credibility of the witnesses because the jury instruction encompassed his theory of defense — that two of the witnesses had a motive to lie. Dora also contends that the jury instruction which was given was insufficient.
 

 ¶ 16. In reviewing the grant or denial of jury instructions, this Court considers the jury instructions given as a whole.
 
 Morgan v. State,
 
 995 So.2d 812, 816(¶ 12) (Miss.Ct.App.2008). The trial court may refuse to grant jury instructions that incorrectly state the law, are covered fairly elsewhere in the instructions, or are without foundation in the evidence.
 
 Id.
 
 If the jury instructions given fairly announce the law and create no injustice, no reversible error will be found.
 
 Id.
 

 ¶ 17. Dora’s proposed jury instruction went into great detail regarding how the jury should determine the credibility of the witnesses. While Dora was entitled to have jury instructions that presented his theory of the case, his jury instruction essentially singled out Tommy’s and La-grone’s testimonies.
 
 See Sherron v. State,
 
 959 So.2d 30, 41(1150) (Miss.Ct.App.2006) (stating that a defendant is entitled to have jury instructions that present his theory of the case). This Court has held that “[a]n instruction should not single out certain parts of the evidence to the point that it amounts to a comment on the evidence.”
 
 Id.
 
 (citing
 
 Manuel v. State,
 
 667 So.2d 590, 592 (Miss.1995)). The trial court refused to give Dora’s jury instruction, finding that it was covered fairly elsewhere in the instructions. Based on a review of the record, we find that the jury instruction given was an accurate statement of the law. Thus, Dora was not prejudiced by the trial court’s refusal to grant his proposed jury instruction. Accordingly, we find that this assignment of error is without merit.
 

 
 *51
 
 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $2,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.