LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Anthony Mercie Expose was convicted by a jury in the Stone County Circuit Court of forcible sexual intercourse. Expose was sentenced to serve thirty-five years in the custody of the Mississippi Department of Corrections and to register as a sex offender upon release from custody. Expose subsequently filed post-trial motions, which were denied. Expose now appeals, asserting that: (1) the trial court erred in refusing his jury instruction regarding his defense of consent, and (2) the trial court erred in granting a new trial where the State failed to disclose exculpatory evidence. Finding error in regard to Issue I, we reverse and remand for a new trial.
FACTS
¶ 2. Shannon M. Bessee testified that she awoke in the early morning hours of March 28, 2009, to Expose standing beside her bed. Her fiancé, Jason Bond, was sleeping in a separate bedroom because the two had argued earlier that evening. Bessee, a native of Australia, and Bond had moved to Wiggins, Mississippi, the week before on March 24, 2009. Bessee testified that she had previously met Expose as he was one of Bond’s friends from school.
¶ 3. Expose asked Bessee for a ride home, and after unsuccessfully attempting to wake Bond, she obliged. Bessee, who was unfamiliar with the area, drove Expose around for approximately twenty to thirty minutes while he gave her directions. During this time they made two stops for Expose to get out of the car. The third stop was on a dirt road near a *1162 house with no lights on. Expose exited the car, came to Bessee’s side, and dragged her out of the car down an embankment. Bessee testified that Expose became aggressive when she tried to resist. Bessee testified that Expose pushed her onto an ant bed; put an elbow on her throat to keep her still, pulled her pants down, and raped her. Bessee stated that Expose knew she was pregnant at that time. Bessee testified that after the rape, she purposely left her black Nike sandals on the ground in order to mark the spot. Expose ordered Bessee to drop him off at a friend’s apartment. Bessee then found her way home, woke up Bond, and the two went to the Wiggins Police Department to report the rape. Bessee was subsequently transported to the hospital for an exam. In addition to the rape, Bessee suffered bruising, scraped knees, and numerous ant bites on her legs that erupted in boils several days later.
¶ 4. Clifford Baker, a nurse practitioner at Stone County Hospital, examined Bes-see. Baker noted that she was teary, disheveled, dirty, had a scrape on one knee, and complained of pain in her vaginal area. Baker examined Bessee’s vaginal area and noticed dried secretions on the exterior of the vaginal area and pooled secretions inside the vaginal vault.
¶ 5. Eddie Rogers, an investigator with the Stone County Sheriffs Department, spoke with Bessee at the hospital. From Bessee’s description of physical landmarks, Rogers was able to find the spot where the rape had occurred. Rogers testified that he saw a pair of black Nike sandals near an ant bed that appeared to be crushed. Rogers also saw a footprint made with the sandals.
¶ 6. Expose was subsequently arrested, but he maintained that the sex was consensual and occurred in the front seat of Bessee’s car. Expose testified that he and Bessee had sex a few times prior to the night in question. Expose also testified that he had witnessed several fights between Bessee and Bond wherein Bond would hit and threaten Bessee.
¶7. Both parties stipulated to a report from the Mississippi Crime Laboratory indicating that a sample of seminal fluid found on Bessee matched DNA taken from Expose.
DISCUSSION
I. JURY INSTRUCTION
 ¶ 8. Expose argues that the trial court erred by denying two of his jury instructions that instructed the jury on his theory of the case, namely that the sex with Bessee was consensual. When considering a challenge to jury instructions on appeal, this Court does not review the instructions in isolation. Morgan v. State, 995 So.2d 812, 816 (¶12) (Miss.Ct.App. 2008). Instead, the Court reviews the jury instructions given as a whole. Id. If the jury instructions given fairly announce the law and create no injustice, this Court will not find any reversible error. Id. Furthermore, “[a] defendant is entitled to have the jury instructed as to his theory of the case so long as the defense is one recognized in the law and there is some evidence in the record to support the defense.” Cleveland v. State, 801 So.2d 812, 815 (¶4) (Miss.Ct. App.2001).
¶ 9. Consent is a defense to a charge of rape. See Davis v. State, 863 So.2d 1000, 1004 (¶ 14) (Miss.Ct.App.2004). There was testimony from Expose that he had consensual sex with Bessee. Thus, we find that Expose was entitled to a jury instruction that embodied his theory of the defense. The judgment is reversed, and this case is remanded for a new trial consistent with this opinion.
*1163 II. POTENTIAL EXCULPATORY EVIDENCE
¶ 10. In his other issue on appeal, Expose argues that he discovered potential exculpatory evidence the day after trial relating to a prior domestic-violence conviction of Bond. Bond committed domestic violence against Bessee in January 2010 and was convicted shortly thereafter. That crime occurred well after the crime involved in this case. Expose included this information in his post-trial motions. The trial court denied Expose’s motion. Since we are reversing and remanding for a new trial, we decline to determine whether the trial court was in error for failing to grant a new trial.
If 11. THE JUDGMENT OF THE STONE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO STONE COUNTY.
IRVING AND GRIFFIS, P.JX, MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION.